PAUL J. FISHMAN
Acting United States Attorney
PAMELA R. PERRON
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. 973-645-2836

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YOLANDA FLORES, Individually and on behalf of KEVIN CLARA, Deceased,

*Plaintiffs,*

v.

PATERSON COMMUNITY HEALTH CENTER, INC., GASPAR GINART, ST. JOSEPH'S REGIONAL MEDICAL CENTER, AMER AKMAL, MADESA ESPANA, JANE DOE 1 and JOHN DOE,

*Defendants.*

Hon.

*Civil Action No.*

**NOTICE OF REMOVAL**

To: Clerk
Superior Court of New Jersey
Passaic County - Law Division
77 Hamilton Street
Paterson, New Jersey  07505

Donald F. Phelan, Clerk
Superior Court of New Jersey
Hughes Justice Complex
P.O. Box 971
Trenton, New Jersey  08625

William F. Henning, Esq.
76 South Orange Avenue, Suite 308
South Orange, New Jersey  07079

David Donohue, Esq
Farkas & Donohue
389 Passaic Avenue
Fairfield, New Jersey 07004

PLEASE TAKE NOTICE that this case, previously pending in the Superior Court of New Jersey, Law Division, Passaic County, Docket Number L-001850-09, is hereby removed to the United States District Court for the District of New Jersey, pursuant to the provisions of 28 U.S.C. § 2979 and 42 U.S.C. § 233(c).

The United States of America, by and through its attorney, Paul J. Fishman, United States Attorney for the District of New Jersey (Pamela R. Perron, Assistant U.S. Attorney, appearing), respectfully states the following upon information and belief:

1. Gaspar Ginart, M.D. and the Paterson Community Health Center, Inc. are named as defendants in an action now pending in the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-001850-09. A copy of the Complaint is attached as Exhibit A.

2. Plaintiffs Yolanda Flores, Individually and on behalf of her late son Kevin Clara have demanded judgment, damages, interest and costs of suit, for Clara's death as the result of the alleged negligent medical treatment by several defendants including Dr. Ginart and the Paterson Community Health Center.

3. At all times relevant to this Complaint, State Court defendant Paterson Community Health Center, Inc. was been deemed eligible for coverage

under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.

4. At all times relevant to this Complaint, Dr. Ginart was employed by Paterson Community Health Center, Inc.

5. The United States Attorney, by his designee in the United States Attorney's Office for the District of New Jersey has certified that, at all times relevant to this Complaint Dr. Ginart and the Paterson Community Health Center, Inc. (hereinafter "the federal defendants") were acting within the scope of federal employment for the United States Public Health Service. As such, plaintiffs' action against these defendants is governed by the FTCA. The Certification of Scope of Employment attesting to the fact that the federal defendants were acting within the scope of federal employment as employees of the United States at the time of the events which gave rise to this action is attached as Exhibit B.

6. The United States of America is the only party cognizable under the FTCA for alleged acts of negligence. 28 U.S.C. § 2679(b). Moreover, the only waiver of sovereign immunity on the part of the United States to be sued for actions in tort is contained in the FTCA.

7. This action is deemed to be an action against the United States and shall proceed against the United States, because the federal defendants were acting within the scope of employment pursuant to 28 U.S.C. § 2679(d).

8.  The United States District Courts have exclusive jurisdiction over civil actions against the United States such as this one. 28 U.S.C. § 1346(b).

9.  Pursuant to 28 U.S.C. § 2679(d)(2), this action may be properly removed to this Court.

THEREFORE, in accordance with 28 U.S.C. § 2679, the above-captioned action, brought in the Superior Court of New Jersey, Law Division, Passaic County, is now removed to this Court for further proceedings.

Dated: February 23, 2010
       Newark, New Jersey

                                    PAUL J. FISHMAN
                                    United States Attorney

                            By:     *Pamela R Perron* (signature)
                                    PAMELA R. PERRON
                                    Assistant U.S. Attorney

# EXHIBIT A

RECEIVED
Office of the Superior Court Clerk
APR 3 0 2009
PASSAIC COUNTY

WILLIAM F. HENNING
76 South Orange Ave., Suite 308
South Orange, New Jersey 07079
(973) 761-8800
Attorney for Plaintiff

YOLANDA FLORES,
INDIVIDUALLY and on behalf
of KEVIN CLARA, DECEASED

      Plaintiffs

vs.

PATERSON COMMUNITY HEALTH CENTER, INC.
GASPAR GINART, ST. JOSEPH'S MEDICAL CENTER,
Amer Akmal, Madesa Espana,
Jane Doe 1 and John Doe

      Defendants

: SUPERIOR COURT OF NEW JERSEY
: LAW DIVISION – PASSAIC COUNTY
: DOCKET NO. L-1850-09
: CIVIL ACTION

: COMPLAINT and
: JURY DEMAND

Plaintiff, Yolanda Flores on behalf of Kevin Clara, deceased, and Yolanda Flores, individually, residing at 169 Pearl Street, Paterson, New Jersey 07501, hereby states by way of complaint:

## COUNT ONE

1. On April 30, 2007, Kevin Clara, born 10/22/2006, died following treatment at St. Joseph's Medical Center, Paterson, New Jersey. An autopsy revealed that he suffered from undiagnosed Kawasaki disease.

2. Kevin had previously treated with numerous medical professionals, who deviated from the standard of care in failing to diagnose him.

3. As a result of this failure to diagnose him, Kevin did not obtain treatment that would have led to recovery, and that would have prevented his death, or, in the alternative, would have provided him with an opportunity to recover from such treatment, and that opportunity was lost due the failure to diagnose.

4. Defendant St. Joseph's Regional Medical Center, of Paterson, New Jersey was responsible for Kevin's treatment on numerous occasions prior to his death, and failed to adhere to professionally acceptable standards, and such failure led to Kevin's death. Defendant failed to supervise, observe or otherwise undertake such actions, and such actions led to the plaintiff's death.

5. As a result of the within medical malpractice, and as set forth below, plaintiff Clara suffered a wrongful death, and suffered pain and suffering prior to death. The mother and family of Kevin also suffered from pain and anguish as a result of the death caused by the medical malpractice, and suffered economic loss in all counts.

## SECOND COUNT

6. Plaintiff repeats the prior count as if fully set forth herein.

7. Madesa Espana, of Paterson, New Jersey, deviated from accepted standards of medical care in failing to diagnose Kevin Clara on or about January 25, 2007, with the results of such failure not having been reasonably discovered prior to April 30, 2007.

8. Amer Akmal, MD, of St. Joseph's Regional Medical Center, Paterson, New Jersey, engaged in professional malpractice in failing to either diagnose plaintiff, or to alert the attending/treating physican of anomolies in the laboratory readings.

### THIRD COUNT

9. Dr. Gaspar Ginart, with offices at 32 Clinton Street, Paterson, New Jersey, treating physician for Kevin Clara, deviated from an acceptable standard of care in failing to diagnose Kevin, leading to a lost opportunity for Kevin to be treated prior to his death, or in fact leading to his death.

### FOURTH COUNT

10. Paterson Community Health Care Center, Inc., 32 Clinton Street, Paterson, New Jersey is an entity incorporated and doing business in Paterson, New Jersey.

11. In its operations, review and supervision, Paterson Community Health Care Center failed to undertake such standard of care, and such reasonable standard of care in its operations, review and supervision, and in such failure in those within its operation and control, led to the failure to diagnose Kevin Clara, causing him to lose an opportunity for treatment and recovery.

### FIFTH COUNT

12. Defendants John and Jane Doe were employees or consultants engaged in the evaluation of Kevin Clara prior to his death, and whose identity is unknown. Such individual or individuals engaged in professional malpractice in that they failed to adhere to accepted standards for their profession. This failure, in turn, contributed to the failure to timely diagnose Kevin's disease, which in turn led to a reduced chance of survival and/or his death.

WHEREFORE, plaintiff Yolanda Flores, individually and on behalf of the estate/interest of Kevin Clara, demands judgment against the defendants, St. Joseph's Medical Center, Paterson

Fax from:  11-12-09 02:15p  Pg:

Community Health Center, Jane Doe and John Doe, Dr Amer Akmal, MD, Dr. Gaspar Ginart, and Dr. Mudesa Espana, on all counts jointly and severally, together with interest and costs of suit.

_____
WILLIAM F. HENNING
Attorney for Plaintiff

Dated: April 29, 2009

## JURY DEMAND & COUNSEL DESIGNATION

Plaintiff demands trial by jury on all issues so triable. William F. Henning is designated as trial counsel.

_____
WILLIAM F. HENNING

## CERTIFICATION

The Plaintiff hereby certifies that this matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. The Plaintiff further certifies that they have no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action and they are not aware of any other parties who should be joined in this action.

_____
WILLIAM F. HENNING
Attorney for Plaintiff

Dated: 4/29/09

# EXHIBIT B

PAUL J. FISHMAN
United States Attorney
PAMELA R. PERRON
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. 973-645-2836

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION -- PASSAIC COUNTY

| | |
|---|---|
| YOLANDA FLORES, Individually and on behalf of KEVIN CLARA, Deceased,<br><br>*Plaintiffs,*<br><br>v.<br><br>PATERSON COMMUNITY HEALTH CENTER, INC., ST. JOSEPH'S REGIONAL MEDICAL CENTER, AMER AKMAL, MADESA ESPANA, JANE DOE 1 and JOHN DOE,<br><br>*Defendants.* | Docket No. L-1850-09<br>Civil Action<br><br>**CERTIFICATION OF SCOPE OF FEDERAL EMPLOYMENT CONCERNING PATERSON COMMUNITY HEALTH CENTER and GASPAR GINART, M.D.** |

Pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2679, the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(c), and by virtue of the authority delegated to me under 28 C.F.R. § 15.4, I certify that I have read the Complaint in this action, as well as documents from the United States Department of Health and Human Services.

1. The Department of Health and Human Services, pursuant to 42 U.S.C. § 233(h), deemed the Paterson Community Health Center, Inc. eligible for coverage under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-80, effective December 15, 1993, which status was renewed

repeatedly with resultant continuous coverage to the present date. On the basis of the information now available from that agency with respect to the events alleged in the Complaint, I find that the Defendant, Paterson Community Health Center, Inc., was acting within the scope of federal employment on the dates and times in question.

    2.    On the basis of the information now available, with respect to the events alleged in the Complaint, I find that the defendant, Gaspar Ginart, M.D., was acting within the scope of federal employment on the dates and times in question.

Dated: February 23, 2010
        Newark, New Jersey

PAUL J. FISHMAN
United States Attorney

By: _____
SUSAN J. STEELE
Assistant U.S. Attorney
Chief, Civil Division